UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REGGIE P. BOURG                               CIVIL ACTION

VERSUS                                        NO: 16-7490

JEROME C. FABRE, ET AL.                       SECTION: "J" (5)

## ORDER AND REASONS

Before the Court is a *12(b)(6) Motion to Dismiss* **(R. Doc. 10)** filed by Defendant, Jerome C. Fabre, in his official capacity as Justice of the Peace, Ward 5 of Terrebone Parish, Louisiana (Defendant Fabre) and an O*pposition* thereto (R. Doc. 21) filed by pro se Plaintiff, Reggie P. Bourg (Plaintiff). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from a state court eviction proceeding which occurred before Defendant Fabre in his capacity as Justice of the Peace. (R. Doc. 10-1, at 1). Plaintiff's complaint alleges that in April 2013, Plaintiff entered into an oral lease agreement with Andre Breaux (Breaux), wherein Plaintiff would be granted permission to garden on Breaux's property, and in exchange, Plaintiff would mow the lawn in Breaux's pasture and monitor goats and a bull owned by Breaux. (R. Doc. 1, at 16). This arrangement appears to have soured at some point over the

1

next two years, culminating in Plaintiff receiving a Notice to Vacate from Breaux and his wife, Defendant Leslie Breaux, on May 19, 2015. (R. Doc. 1, at 12; R. Doc. 21, at 2).

Plaintiff alleges that on May 27, 2015, Defendant Fabre, in his capacity as Justice of the Peace, signed a Rule to Show Cause summoning Plaintiff to appear on June 1, 2015. (R. Doc. 1, at 13). Plaintiff further alleges that on June 1, 2015, Defendant Fabre ruled in favor of Breaux and his wife, signing a Judgment of Eviction against Plaintiff, but giving Plaintiff conditional allowance onto the property to pick vegetables. (R. Doc. 1, at 14). Plaintiff also alleges that on June 14, 2015, Defendant Fabre issued a notice advising Plaintiff that continued intrusion onto the property could result in criminal charges. (R. Doc. 1 at 11; R. Doc. 21, at 13). The complaint alleges that Plaintiff appealed the Judgment of Eviction to the 32nd Judicial District Court. It appears from the complaint that the 32nd Judicial District was set to hear Plaintiff's appeal on June 17, 2015, but that Plaintiff failed to attend the hearing, causing the matter to be dismissed. (R. Doc. 1, at 18).

On May 31, 2016, Plaintiff filed a complaint in this Court against Defendants under 42 U.S.C. § 1983, alleging violations of the Fourteenth Amendment to the United States Constitution. The complaint requests damages and declaratory relief. On July 27, 2016, Defendant Fabre filed the instant *12(b)(6) Motion to Dismiss*

asserting judicial immunity. **(R. Doc. 10).** Defendant filed an *Opposition* thereto on September 16, 2016. The motion is now before the Court on the briefs and without oral argument.

## PARTIES' ARGUMENTS

Defendant Fabre argues that Plaintiff's complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)). Defendant Fabre asserts that he is entitled to absolute judicial immunity in his capacity as a justice of the peace. Defendant contends that judicial immunity is only stripped when a judge acts in the clear absence of all subject matter jurisdiction, a standard that Plaintiff fails to meet in this case.

Plaintiff asserts that Defendant Fabre did not have proper subject matter jurisdiction over the eviction proceedings. Plaintiff argues that La. Code Civ. Proc. art. 4913(B)(9) prohibits a justice of the peace from obtaining subject matter jurisdiction over *in rem* or *quasi in rem* proceedings, and Plaintiff further asserts that eviction proceedings so qualify. In addition, Plaintiff claims that because Defendant Fabre's *Motion to Dismiss* did not address this argument, Defendant has admitted to a lack of subject matter jurisdiction under Rule 36 of the Local Civil Rules of the United States District Court for the Eastern District of Louisiana.

**LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as

4

true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

<u>DISCUSSION</u>

It is well settled that judges have absolute immunity for all judicial acts performed in judicial proceedings except for those undertaken "in the clear absence of all jurisdiction." *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). This immunity extends to all judges, irrespective of their status in the judicial hierarchy. *Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir. 1982) ("[Absolute judicial immunity] extends to Justices of the Peace as well those who sit on the Supreme Court.") Thus, Defendant Fabre enjoys absolute judicial immunity as a justice of the peace.

To determine whether an act is judicial for purposes of absolute judicial immunity, courts look to "the nature of the act itself." *Stump*, 435 U.S. at 362. Specifically, the following four factors must be considered:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). Courts broadly construe these factors in favor of immunity. *Id.* In this case,

application of all the factors support the conclusion that Defendant Fabre's acts were judicial. An eviction proceeding and the judgment arising from that proceeding are normal judicial functions. Plaintiff has presented no evidence that these functions occurred outside the courtroom or appropriate adjunct spaces. Additionally, the complaint centers around the eviction proceeding that was before Defendant Fabre, and these acts arose directly out of a visit to Defendant Fabre in his official capacity. Accordingly, Defendant Fabre's actions in this case were judicial.

Defendant Fabre would only be deprived of judicial immunity if he had acted in the clear absence of all jurisdiction. *Mays*, 97 F.3d at 111. Plaintiff invokes the Louisiana Code of Civil Procedure to draw the incorrect conclusion that justices of the peace lack the jurisdiction to preside over eviction proceedings. Plaintiff directs the Court to La. Code Civ. Proc. art. 4913(B)(9), which provides that justice of the peace courts have no jurisdiction over *in rem* or *quasi in rem* proceedings. But *in rem* and *quasi in rem* proceedings are entirely distinct from eviction proceedings. *See* Frank Maraist, 1A La. Civ. L. Treatise, Proc. - Special Proceed. § 9.1 (July 2016) (defining the *quasi in rem* action is one "in which the plaintiff, through attachment of defendant's property, seeks a money judgment up to the value of the seized property" and the *in rem* proceeding as one in which the

plaintiff "seeks to determine ownership or other rights in property (real rights)").  Plaintiff's argument is without merit.

The jurisdictional capacity of a justice of the peace over eviction proceedings is laid out in La. Code Civ. Proc. art. 4912:

> A.(1) A justice of the peace court shall, within its territorial jurisdiction, have jurisdiction, concurrent with the parish or district court, over suits for the possession or ownership of movable property not exceeding five thousand dollars in value and over suits by landowners or lessors for the eviction of occupants or tenants of leased residential premises, regardless of the amount of monthly or yearly rent or the rent for the unexpired term of the lease.
>
> . . .
>
> B. A justice of the peace court shall also have jurisdiction over suits by landowners or lessors for the eviction of occupants or tenants of leased commercial premises and leased farmlands where the amount of the monthly rental does not exceed five thousand dollars per month, regardless of the amount of rent due or the rent for the unexpired term of the lease.

LA Code Civ. Pro. art. 4912.  This article clearly indicates that a justice of the peace has jurisdiction over the lease in this case.  It is unnecessary to determine whether the lease here would be construed as a lease of residential premises or farmlands because La. Code Civ. Proc. art. 4912 provides justices of the peace jurisdiction for eviction proceedings over both.  It is indisputable that Defendant Fabre did not act in the clear absence of all jurisdiction and that absolute judicial immunity attaches to his actions here.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *12(b)(6) Motion to Dismiss* **(R. Doc. 10)** is **GRANTED**.


New Orleans, Louisiana this 4th day of November, 2016.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE