UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REGGIE P. BOURG | CIVIL ACTION |
| VERSUS | NO: 16-7490 |
| JEROME C. FABRE, ET AL. | SECTION: "J" (5) |

## ORDER AND REASONS

Before the Court is a *12(b)(6) Motion to Dismiss* **(R. Doc. 25)** filed by Defendant, Douglas Chauvin,[1] in his official capacity as Constable, Ward Five, of Terrebone Parish, Louisiana (Defendant Chauvin). No opposition was filed to this motion. Having considered the motion and legal memorandum, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from a state court eviction proceeding which occurred before Defendant Jerome Fabre in his capacity as Justice of the Peace. (R. Doc. 10-1, at 1). Plaintiff's complaint alleges that in April 2013, Plaintiff entered into an oral lease agreement with Andre Breaux (Breaux), wherein Plaintiff would be granted permission to garden on Breaux's property, and in exchange, Plaintiff would mow the lawn in Breaux's

---

[1] The complaint refers to Defendant Chauvin as "Douglass Chauvin." Defendant Chauvin's memorandum in support of his motion to dismiss states that Defendant Chauvin died on July 25, 2016.

1

pasture and monitor goats and a bull owned by Breaux. (R. Doc. 1, at 16). This arrangement appears to have soured at some point over the next two years, culminating in Plaintiff receiving a Notice to Vacate from Breaux and his wife, Defendant Leslie Breaux, on May 19, 2015. (R. Doc. 1, at 12; R. Doc. 21, at 2).

Plaintiff alleges that on May 27, 2015, Jerome Fabre, in his capacity as Justice of the Peace, signed a Rule to Show Cause summoning Plaintiff to appear on June 1, 2015. (R. Doc. 1, at 13). Plaintiff further alleges that Defendant Chauvin served Plaintiff with the Rule to Show Cause. (R. Doc. 1 at 3). Plaintiff alleges that on June 1, 2015, Defendant Fabre ruled in favor of Breaux and his wife, signing a Judgment of Eviction against Plaintiff, but giving Plaintiff conditional allowance onto the property to pick vegetables. (R. Doc. 1, at 14). The complaint alleges that Defendant Chauvin was present at the eviction hearing, and that Defendant Chauvin "made his presence known and that he would [enforce] the Justice of the Peace's orders to the fullest extent of the law." (R. Doc. 1, at 3).

Plaintiff contends that on June 14, 2015, Defendant Fabre issued a notice advising Plaintiff that continued intrusion onto the property could result in criminal charges. (R. Doc. 1 at 11; R. Doc. 21, at 13). The complaint alleges that Plaintiff appealed the Judgment of Eviction to the 32nd Judicial District Court. It appears from the complaint that the 32nd Judicial District was set

2

to hear Plaintiff's appeal on June 17, 2015, but that Plaintiff failed to attend the hearing, causing the matter to be dismissed. (R. Doc. 1, at 18).

On May 31, 2016, Plaintiff filed a complaint in this Court against Defendants under 42 U.S.C. § 1983, alleging violations of the Fourteenth Amendment to The United States Constitution. The complaint requests damages and declaratory relief. On September 30, 2016, Defendant Chauvin filed the instant *12(b)(6) Motion to Dismiss* for failure to state a claim upon which relief can be granted. **(R. Doc. 25).** Plaintiff did not file an opposition. The motion is now before the Court on the brief and without oral argument.

## PARTIES' ARGUMENTS

Defendant Chauvin argues that Plaintiff's complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)). Defendant Chauvin asserts that Plaintiff failed to plead sufficient facts to demonstrate that Defendant Chauvin is liable for any alleged misconduct or that he acted in a way that injured Plaintiff. (R. Doc. 25-1, at 6). Defendant Chauvin contends that any action he took in the eviction proceeding was authorized by the law and at the request of the justice of the peace. (R. Doc. 25-1, at 4). Furthermore, Defendant Chauvin argues that Plaintiff received the requisite due process. (R. Doc. 25-1, at 4). Finally, Defendant

3

Chauvin asserts that he is entitled to qualified immunity. (R. Doc. 25-1, at 5).

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d

228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

## **DISCUSSION**

Plaintiff's only allegation with respect to Defendant Chauvin is that Defendant Chauvin carried out the orders of the justice of the peace and was present at the eviction proceedings. (R. Doc. 1, at 3). As this Court has already determined, the justice of the peace had jurisdiction over the eviction proceeding in this case pursuant to Louisiana Code of Civil Procedure Article 4912. (R. Doc. 26, at 7). The justice of the peace is required to utilize the constable in his ward "to execute all orders, citations, summons, seizures, and writs in civil cases." La. Rev. Stat. 13:3478. Thus, the law explicitly authorizes the constable to effect a service of process at the request of the justice of the peace of his ward. *Id.* It was Defendant Chauvin's duty, in his official capacity as constable, to serve the Rule to Show Cause on Plaintiff. Furthermore, if the justice of the peace had required, it would have been his duty to enforce the justice of the peace's subsequent orders as a result of the eviction.

Plaintiff makes no argument that Defendant Chauvin worked outside his role as constable. In fact, Plaintiff simply lists the duties of a constable and alleges that Defendant Chauvin carried

5

out those duties. Plaintiff fails to allege any particularized facts that permit a reasonable inference that Defendant Chauvin is liable for any alleged constitutional violations. Because all actions taken by Defendant Chauvin were within his lawful duties as constable, the complaint clearly fails to state facts sufficient to articulate a cause of action.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Chauvin's *12(b)(6) Motion to Dismiss* **(R. Doc. 25)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall show cause in writing by **Wednesday, December 14, 2016**, why this Court should not dismiss the sole remaining defendant in this case, Leslie Breaux.

New Orleans, Louisiana this 29th day of November, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE